IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLADYS S. BLYTHE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 08-474-KD-M** |
| ) | |
| **AMTRUST BANK; SERVUS LENDING,** ) | |
| **L.L.C.; and MARJORIE BROADY,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On August 13, 2008, plaintiff Gladys S. Blythe filed her complaint against AmTrust Bank, Servus Lending LLC (Servus), and Marjorie Broady (Broady) (doc. 1). On August 19, 2008, summons were issued to plaintiff's counsel for service upon the defendants (doc. 3). Upon *sua sponte* review of the docket, the court determined that there was no return of service from the plaintiff to indicate that service has been effected upon defendants Servus or Broady and that they have not appeared in this action. Defendant AmTrust has appeared and filed a motion to dismiss.

Subsequently, the court entered an order for plaintiff to show good cause for failing to effect service during the 120 day period identified in Rule 4 of the Federal Rules of Civil Procedure (doc. 20). The Rule states, in relevant part, as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. Rule 4(m).

Plaintiff responded to the court's order and explained that her counsel had attempted

service on these defendants earlier in the proceedings but that discovery was stayed pending a decision upon defendant AmTrust Bank's motion to dismiss. Plaintiff points out that no initial disclosures have been exchanged, no discovery conducted, and she was recently allowed to amend her complaint. Plaintiff also represents that she has engaged the service of a private investigator and will make diligent effort to perfect service on Broady and Servus. Plaintiff also provided the affidavit of her counsel outlining his efforts to locate and serve the defendants and his strategic decisions in that regard.

Generally, good cause exists under Rule 4(m) if some "outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir.2007) (citation omitted). Although not exactly "reliance on faulty advice", counsel for plaintiff admits to making a strategic decision to forego and delay the expense of effecting service upon Servus and Broady, until after the settlement negotiations with AmTrust failed to result in a settlement. Thus, inadvertence and negligence did not preclude service.

Upon consideration, the court finds that plaintiff has sufficiently shown good cause for her failure to serve these defendants. Moreover, this court still may exercise its discretion under Rule 4(m) to allow an extension even in the absence of a showing of good cause. See Horenkamp v. Van Winkle & Co., 402 F. 3d. 1129 (11th Cir. 2005). Accordingly, plaintiff is **ORDERED** to effect service upon defendants Servus and Broady within **thirty (30) days of the date of this order**.

**DONE** and **ORDERED** this 4th day of May, 2009.

                                          s / Kristi K DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**